UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| KWAME ADAMS, | ) | |
|  | ) | Case No. 08 C 2671 |
| Plaintiff, | ) | |
|  | ) | |
| vs. | ) | JUDGE DER-YEGHIAYAN |
|  | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | MAGISTRATE JUDGE ASHMAN |
| CHICAGO POLICE OFFICER | ) | |
| A. ALCAZAR, Star No. 11992, and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| E. J. POPPISH, Star No. 13971, | ) | |
|  | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**JOINT INTIAL STATUS REPORT**

Plaintiff, Kwame Adams, by and through his attorney Jeffrey B. Granich, Defendants Antoinett Alcazar, Edward Poppish, and City of Chicago, by and through their attorney Marcy Labedz, pursuant to this Court's case management procedures, jointly submit the following initial status report:

**1. NATURE OF CLAIMS AND COUNTERCLAIMS**

 **a.     Parties**

Plaintiff Kwame Adams is currently represented by Jeffrey Granich.

Defendants Antoinett Alcazar, Edward Poppish, and the City of Chicago are represented by Marcy Labedz.

Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 against Defendant Officers alleging: false arrest and unlawful search. Further, Plaintiff asserts state law claims against the Defendant Officers alleging: false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Finally, Plaintiff brings a claim under 42 U.S.C. § 1983 against Defendant City of Chicago for its alleged policies, practices and customs of failing to adequately train, supervise, control and discipline officers, as well as a Respondeat Superior and Indemnification claim.

Counterclaims: none

## 2. RELIEF SOUGHT BY PLAINTIFF

Plaintiff seeks damages in an undetermined amount as of this date.

## 3. NAMES OF PARTIES NOT SERVED

At this time, all parties have been served.

## 4-5. PRINCIPAL LEGAL and FACTUAL ISSUES

(1) Whether Plaintiff was falsely arrested;

(2) Whether Plaintiff was unlawfully searched;

(3) Whether Plaintiff was falsely imprisoned;

(4) Whether Defendants prosecuted Plaintiff, and if so, was it maliciously;

(5) Whether Defendants inflicted emotional distress upon Plaintiff, and if so, was that intentional;

(6) Whether Defendant City has a policy or widespread practice of failing to adequately train, supervise, control, and discipline officers; and

(7) Whether Plaintiff was damaged by the alleged actions of Defendant Officers and the alleged policies or practices of the City.

**6. LIST OF PENDING MOTIONS AND BRIEF SUMMARY OF PENDING MOTIONS**

No motions are pending at this time.

**7. DESCRIPTION OF DISCOVERY REQUESTED AND EXCHANGED.**

The Defendants answer is due on August 11, 2008.  No discovery has been requested or exchanged by any of the parties at this time.

**8. TYPE OF DISCOVERY NEEDED**

The parties anticipate the need to exchange written discovery and to take depositions in this matter.  Upon the exchange of written discovery, the parties will be able to state the number of depositions to be taken in this case.

**9. PROPOSED DATES FOR DISCOVERY**

 **a.** All disclosures required by Rule 26(a)(1) shall be made on or before <u>August 29, 2008.</u>

 **b.** The cutoff of fact discovery is <u>December 30, 2008.</u>

 **c.** The Plaintiff shall disclose expert testimony pursuant to Rule 26(a)(2) on or before <u>January 30, 2009</u>.  The Defendants shall disclose expert testimony pursuant to Rule 26(a)(2) on or before <u>February 27, 2009</u>.

 **d.** The parties may depose the other side's expert at any time prior to <u>March 31, 2009</u>.

 **e.** Any dispositive motions to be filed on or before <u>April 30, 2009</u>.

 **f.** The final pretrial order shall be filed on or before <u>May 29, 2009</u>.

**10-12.  ESTIMATION OF WHEN CASE WILL BE READY FOR TRIAL; LENGTH OF TRIAL; REQUEST FOR A JURY TRIAL.**

 The parties anticipate that this matter will be ready to proceed to trial at the beginning of June, 2009, and will not take more than three days.  The parties to this matter have requested a jury trial.

## 13. SETTLEMENT DISCUSSIONS

No settlement discussions have been held to date.

## 14. CONSENT TO MAGISTRATE JUDGE

At this time, the parties do not consent to proceeding before the magistrate judge.

    Respectfully Submitted,

| | |
|---|---|
| /s/ Jeffrey B. Granich | /s/ Marcy Labedz |
| Jeffrey B. Granich | Assistant Corporation Counsel |
| Law Offices of Jeffrey B. Granich | City of Chicago, Dept. of Law |
| 53 W. Jackson, Ste. 840 | 30 N. LaSalle St., Suite 1400 |
| Chicago, Illinois 60604 | Chicago, IL 60602 |
| (312) 939-9009 | (312) 744-3982 |
| Attorney No.6207030 | Attorney No. 6279219 |