**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KWAME ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 CV 2671 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | JUDGE DER YEGHIAYAN |
| CHICAGO POLICE OFFICER | ) | MAGISTRATE JUDGE ASHMAN |
| A. ALCAZAR, Star No. 11992, and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| E. J. POPPISH, Star No. 13971, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), and Defendant Chicago Police Officers Antoinett Alcazar and Edward Poppish ("Defendant Officers"), collectively referred to as "Defendants," by one of their attorneys, Marcy M. Labedz, Assistant Corporation Counsel, hereby submit their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint, and in support thereof state as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER:** Defendants admit this action is brought pursuant to 42 U.S.C. §1983, but deny the remaining allegations and complained of conduct contained in Paragraph 1.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER:** Defendants admit this Court has jurisdiction over this matter, but deny any

wrongful or illegal conduct contained in Paragraph 2.

      3.      Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

      **ANSWER:**    Defendants admit venue is proper, and that the events giving rise to the allegations occurred within this district. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to Plaintiff's current residence. Defendants deny any wrongful or illegal conduct contained in Paragraph 3.

## PARTIES

      4.      At all times relevant hereto, Plaintiff Kwame Adams was a 17 year-old male resident of Chicago, Illinois.

      **ANSWER:**    Defendants admit that Plaintiff is male. Upon information and belief, Defendants admit the remaining allegations contained in Paragraph 4.

      5.      At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

      **ANSWER:**    Defendants admit the allegations contained in Paragraph 5, but deny any complained of conduct contained in Paragraph 5.

      6.      Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

      **ANSWER:**    Defendants admit the allegations contained in Paragraph 6, but deny any complained of conduct contained in Paragraph 6.

## FACTUAL ALLEGATIONS

      7.      On or about May 21, 2007, Plaintiff was standing on the porch of his aunt's house located at 3717 W. Ohio St., Chicago, Illinois 60624.

      **ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 7 as they

pertain to May 21, 2007 at approximately 19:55 hours and after. Upon information and belief, the City denies the allegations contained in Paragraph 7 as they pertain to May 21, 2007 at approximately 19:55 hours and the hours and after. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8.      At this time, Defendant Officers approached Plaintiff and proceeded to handcuff him and unconstitutionally search, seize, and arrest him.

**ANSWER:**    Defendant Officers admit that on May 21, 2007 at approximately 19:55 hours Plaintiff was arrested for Criminal Trespass to Motor Vehicle and Possession of a Controlled Substance, and was handcuffed. Upon information and belief, the City admits that on May 21, 2007 at approximately 19:55 hours Plaintiff was arrested for Criminal Trespass to Motor Vehicle and Possession of a Controlled Substance, and was handcuffed. Defendants deny the remaining allegations and the complained of conduct contained in Paragraph 8.

10.[sic[1]]      At no time during this illegal search and seizure of Plaintiff did Defendant Officers have a search or an arrest warrant for Plaintiff, nor probable cause to believe Plaintiff had or was committing a crime.

**ANSWER:**    Defendants admit that on May 21, 2007 Defendant Officers did not have a search warrant or an arrest warrant for Plaintiff. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 10.

11.     At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**    Defendants deny the allegations and complained of conduct contained in Paragraph 11.

---

[1]Plaintiff's Complaint does not contain Factual Allegation No. 9.

12.    Following the unconstitutional search and arrest, Plaintiff was transported to the 11th District Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C and Criminal Trespass to Vehicles in violation of 720 ILCS 5.0/21/2.

**ANSWER:**    Defendants admit that Plaintiff was transported to the 11th District Police Station. Further, Defendants admit that Plaintiff was charged with Criminal Trespass to Motor Vehicle and Possession of a Controlled Substance. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 12.

13.    At no time did the alleged victim of the Criminal Trespass to Vehicles identify Plaintiff as having committed or been involved in this crime.

**ANSWER:**    Defendant Poppish denies the allegations contained in Paragraph 13. Defendant Alcazar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13. Upon information and belief, Defendant City denies the allegations contained in Paragraph 13.

14. [sic²]    On June 14, 2007, these false charges were dismissed against Plaintiff was by a Cook County Judge.

**ANSWER:**    Upon information and belief, Defendants admit that on June 14, 2007 the charge of Possession of a Controlled Substance was dismissed, and an order of Nolle Prosequi was entered as to the Criminal Trespass to Vehicle charge. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 14.

### Count I - 42 U.S.C. § 1983 False Arrest

14A. [sic³]    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**    Defendants re-assert their answers to paragraphs 1 through 14, as their

---

² Since Plaintiff's Complaint contained two paragraphs numbered 14, Defendants have labeled the second Paragraph 14 as 14A, for clarification.

³ See footnote No. 2.

answer to paragraph 14A of Count I.

15. On May 21, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendants admit that on May 21, 2007 Plaintiff was arrested without a warrant. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 15.

16. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendants admit that during the arrest of Plaintiff Defendant Officers were working in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 16.

17. The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitute deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise

                municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

       d.      Municipal policy-makers are aware of, and condone and facilitate by their inactions, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

       e.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

       f.      As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

       g.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of time an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

       h.      The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaint brought against Police Officers for violations of civil rights.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 17.

     18.    The acts committed by Defendants Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 18.

### Count II - 42 U.S.C. § 1983 Unlawful Search

19. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:** Defendants re-assert their answers to paragraphs 1 through 14, as their answer to paragraph 19 of Count II.

20. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** Defendants admit that on May 21, 2007 there was no search warrant for Plaintiff. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 20.

21. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Officer of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. As a matter of widespread practice so prevalent to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing

        in a disproportionately small number of cases;

d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.     The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

h.     The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers fo r violations of civil rights.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 21.

22.     The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 22.

### Count III - False Imprisonment

23.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:** Defendants re-assert their answers to paragraphs 1 through 14, as their answer to paragraph 23 of Count III.

24. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendants admit this Court has supplemental jurisdiction over this matter, but deny any wrongful or illegal conduct contained in Paragraph 24.

25. On May 21, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendants admit that on May 21, 2007 there was no warrant for Plaintiff. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 25.

26. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 26.

27. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to plaintiff.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 27.

### Count IV - Malicious Prosecution

28. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:** Defendants re-assert their answers to paragraphs 1 through 14, as their answer to paragraph 28 of Count IV.

29. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County Judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled

Substance and Criminal Trespass to Vehicles.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 29.

30. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 30.

31. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 31.

32. On June 14, 2007, Plaintiff's criminal charges were dismissed following a finding of no probable cause.

**ANSWER:** Upon information and belief, Defendants admit that on June 14, 2007 the charge of Possession of a Controlled Substance was dismissed, and an order of Nolle Prosequi was entered as to the Criminal Trespass to Vehicle charge. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 14.

33. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 33.

### Count V - Intentional Infliction of Emotional Distress

34. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:** Defendants re-assert their answers to paragraphs 1 through 14, as their answer to paragraph 34 of Count V.

35. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendants admit this Court has supplemental jurisdiction over this matter, but deny any wrongful or illegal conduct contained in Paragraph 35.

36. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 36.

37. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 37.

38. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket and other damages which will be proven at trial.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 38.

### Count VI - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

39. Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

**ANSWER:** Defendants re-assert their answers to paragraphs 1 through 14, as their answer to paragraph 39 of Count VI. Defendant Officers make no further answer to Count VI, since Count VI is directed to Defendant City, and not to Defendant Officers.

40. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendant City admits the allegations contained in Paragraph 40.

41. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:** Defendant City admits that on May 21, 2007, Defendant Officers were employees of the Chicago Police Department acting within the scope of their employment.

## AFFIRMATIVE DEFENSES

### QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed his actions to be lawful, in light of clearly established law and the information that the Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

### STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

Any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2004) was in effect and reduces a

Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### STATE TORT IMMUNITY ACT 745 ILCS 10/2-109

Defendant City is not liable to Plaintiff if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109 (West 2006).

### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2006).

### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2006).

To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

## STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

## STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort Immunity Act, Defendant Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (West 2006).

## MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

The City is not liable under Section 1983 if plaintiff does not prove any violation of her constitutional rights. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

# CONCLUSION

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against the Plaintiff, for the costs of defending this suit, and other such relief as the Court deems just and appropriate.

# JURY DEMAND

Defendants, City of Chicago, Antoinett Alcazar, and Edward Poppish, hereby respectively demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Marcy M. Labedz
MARCY M. LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (Fax)
Atty. No. 06279219

August 11, 2008

## CERTIFICATE OF SERVICE

I, Marcy M. Labedz, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on August 11, 2008, in accordance with the rules of electronic filing.

/s/ Marcy M. Labedz
MARCY M. LABEDZ